UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     CASE NO. 8:23-cr-389-WFJ-AEP

LENARD WHITE, et al

### UNITED STATES' MOTION FOR PRETRIAL DETENTION OF LENARD WHITE, SHELDON ROBINSON, AND KESHAWN WOODS

The United States of America, pursuant to 18 U.S.C. §§ 3142(f)(1)(A),(B), and (C) moves the Court to detain Lenard White, Sheldon Robinson, and Keshawn Woods pending trial. At this time, the United States does not seek the pretrial detention of Janet Williams. The grounds for this motion are discussed below.

### I. PROCEDURAL BACKGROUND

On October 25, 2023, a federal grand jury in the Middle District of Florida indicted Lenard White ("White"), a/k/a "Len", "Mike Williams" and "Stick," Sheldon Robinson ("Robinson") a/k/a "Poboy," and Keshawn Woods ("Woods") with conspiracy to commit murder for hire (Count One), murder for hire (Count Two), discharge of a firearm during and in relation to a crime of violence, which caused the death of I.S. (Count Three), and discharge of a firearm in furtherance of a violent crime (Count Four). White and Robinson were also charged with conspiracy to distribute controlled substances (Count 5); Tampering with a Witness (Counts 7 and 8) and Obstruction of Justice (Counts 9 and 10).[1] Janet Williams was also

---

[1] White was charged with two counts of Obstruction of Justice.

charged with making false statements to ATF agents in connection with this investigation. (Counts 11- 13).

## II. FACTUAL BACKGROUND

On February 6, 2023, 17-year-old I.S., who was a junior at Hernando High School, and her mother, L.P., went to the Hernando County Sheriff's Office ("HCSO") to report that I.S. had been sexually assaulted by 36-year-old Lenard White. The next day, on February 7, 2023, at approximately 11:29 p.m., Sheldon Robinson and Keyshawn Woods arrived at I.S. and L.P.'s house. They knocked on the door, and when the door was opened, fired a barrage of gunshots on I.S. and L.P. Robinson and Woods then fled, first on foot, and later in a red Blazer. L.P. was struck but survived. I.S. was shot four times. The bullet that ultimately caused her death entered via her lower left back area, suggesting she was shot in the back as she ran for cover. Robinson and Woods did not act on their own volition. They did so on behalf of Lenard White, the man who sexually assaulted I.S. and who paid Robinson and Woods approximately $10,000 to murder I.S. so that White could avoid prosecution.

On the same day that White's sexual assault on I.S. was reported to law enforcement, Lenard White went on an unplanned and spontaneous trip to Georgia, intentionally setting up an alibi in the hopes of avoiding prosecution. Before departing, White utilized Robinson to solicit help in committing the murder. Specifically, Robinson reached out to various individuals to commit what he called,

2

"a clean-up job," via text messages, phone calls, Instagram and Snapchat, eventually ending up with Keshawn Woods. Robinson told one of these individuals, "I need to no if u really [c]oming… u get 5 I get 5 I already got the money from the man. I told em we [c]an do it." After sending these messages, Robinson took a selfie video displaying currency and cocaine, both of which he had received from White as payment.



Immediately after the murder, HCSO Deputies conducted a canine track from the location of the murder, which lead to the discovery of one red Nike shoe near the intersection of S. Brooksville Ave and MLK Blvd. The shoe was found on a fence. Keshawn Woods' DNA was a match from DNA recovered from this shoe. Deputies later found another identical red Nike shoe—of the same pair—in the trunk of the red Chevrolet Blazer that Robinson and Woods used to flee the scene. DNA taken

from a cup inside the Blazer matched the DNA for Woods. Woods was also a possible contributor to DNA found in a latex glove inside the red Blazer. Robinson was a possible contributor to DNA found on a Hennessey bottle inside the Blazer.

Hours after the murder, HCSO detectives obtained search warrants for Woods' residence and shed. Inside, detectives found a .40 caliber Ruger pistol, prescription pills, and marijuana. Most importantly, detectives found approximately $3,888.00 in cash, which was half the money White paid Robinson and Woods to commit I.S.'s murder. Based on recorded calls, the other half of the money—or roughly $6,000—was in the possession of Robinson, until Janet Williams found the hidden money in her home. ATF agents later asked Williams about the money, and she denied finding it. In recorded calls, Williams later stated, "they were asking me…did you come into a whole bunch of money? I said No. But, you did come into a whole bunch of money." Williams also lied to agents about Robinson's use, possession, and ownership regarding firearms, including the one Robinson used to murder I.S. At this time, the United States does not seek her detention. [2]

HCSO detectives also executed a search warrant at Robinson's residence. A search of Robinson's closet produced a box containing twelve "PMC" 9 mm rounds. These rounds matched the PMC 9 mm shell casings found at the scene of the murder. A search of Robinson's bedroom also produced cocaine. Robinson was

---

[2] The United States proposes that Williams be placed on home detention with an ankle monitor, surrender all firearms from her home, not have any contact with co-conspirators—including Robinson—or any witnesses while the case is pending.

arrested for possessing ammunition as a convicted felon and possession of cocaine. He has been detained since his arrest.

HCSO deputies and ATF agents later executed a second search warrant at Robinson's residence. Hidden in the backyard, they found the Smith and Wesson, M&P 9 mm that Robinson tried to dispose of after the murder. The firearm had the same type of ammunition that was used to murder I.S. An ATF lab later determined that six of the projectiles and all eleven casings recovered from the scene of the murder were fired from that exact Smith and Wesson.

### a. **Presumption of Detention**

In this case, at least two statutory presumptions of detention apply to Lenard White and Sheldon Robinson, while one applies to Keshawn Woods.

Pursuant to 18 U.S.C. § 3142(3), "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer find that there is probable cause to believe that" a defendant committed an offense "for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act" (18 U.S.C. § 3142(3)(A)); or "an offense under section 924(c)" (18 U.S.C. § 3142(3)(B)). Here, White, Robinson and Woods were each indicted for using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(j) and 924(c) (Counts Three and Four). Therefore, a presumption of detention applies to all three defendants. *See* 18 U.S.C. § 3142(3)(B). Furthermore,

White and Robinson were also indicted for conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and 841. As such, a second presumption of detention applies to White and Robinson. *See* 18 U.S.C. § 3142(3)(A)).

According to 18 U.S.C. § 3142(g), to determine whether there are conditions of release that will reasonably assure the appearance of a defendant, and safety of the community, the Court must consider various factors, to include: (1) the nature and circumstances of the charged offense, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the risk of danger to any person or the community that the Defendant would present if released. All of these factors weight strongly against their release. For those reasons, White, Robinson, and Woods cannot overcome the presumption of detention against them.

  b. **Nature and Circumstances of the Offense Weighs Strongly Against Release**

The nature and circumstances of this offense are atrocious. The three defendants intentionally and with premeditation, planned, organized and carried out the murder of a teenager. The defendants also almost killed I.S.'s mother, L.P., who was airlifted to the hospital and survived. I.S. was a member of Hernando High School's tennis team, and member of its ROTC program. She planned on serving in the United States military. The defendant's actions left behind a devastated family and a community in shock. And all so White could evade prosecution for having sexually assaulted I.S. The nature and circumstances of this offense weigh strongly

against their release. *See* 18 U.S.C. 3142 (g)(1). The viciousness of their crimes alone should ensure their detention pending trial.

      **c.**    **The Evidence Against the Defendants is Strong and the Punishment is Severe**

Over the last eight months, a team of Detectives with the Hernando County Sheriff's Office and Special Agents with the Bureau of Alcohol Tobacco and Explosives have worked hand in hand together in the pursuit of justice for I.S. So far, they have conducted over 70 state and federal search warrants throughout this investigation. The evidence against the defendants involves witness testimony, forensic evidence like DNA, text messages, phone calls, cell site location data, video and audio recordings, and much more. The evidence also includes social media posts. Specifically, on February 5, 2023, before the murder, White recorded a video in which he states, "I'm tired of y'all…bitch out here telling all these god damn lies…all this shit. Ole lying motherfucker. Ole lying motherfucker. I wish a motherfucker did get a motherfucking check." As depicted below, at the end of the video, White grimaced and pointed his fingers toward the camera in what appeared to be a gun firing gesture.



Agents also observed two posts on White's account dated February 8, 2023, hours after the murder. Both posts were on a backdrop depicting skulls, one of which displayed the hashtag "#TIGHTENUPLADIES."

Posted on 2/8/23 at 12:52 a.m.        Posted on 2/8/23 at 1:01 a.m.




Additionally, the three defendants were each indicted for conspiracy to commit murder for hire (Count One), murder for hire (Count Two), and discharge of a firearm during and in relation to a crime of violence, which caused the death of I.S. (Count Three). The maximum penalty for all three defendants for Counts One, Two and Three is death or mandatory life in prison. *See* 18 U.S.C. §§ 1958 and 924(j). The remaining counts are punishable by a maximum term of 10- or 20-years imprisonment. The overwhelming evidence against the defendants and the severe punishment they each face weighs strongly against their release. *See* 18 U.S.C. § 3142(g)(2).

### d. The Defendants are a Danger to the Community

After committing these crimes, Robinson and White engaged in a series of attempts to dispose of evidence, tamper with witnesses, and obstruct justice, including against their own co-conspirator, Keshawn Woods. Specifically, on August 8, 2023, White stated, "try to get in contact…find a way to get in touch with him and tell him…tell him *them people forced him to say that shit man*…you know how I feel, you feel me? Man…shit…maybe *clean up, man*…I don' give a fuck…you feel me?...we got *to clean up, man. Clean our area*… …gotta do something…gotta do something." This is the same language used by Sheldon Robinson when he solicited help from others in committing I.S.'s murder.

In addition to their actions on February 7, 2023, and the tampering that occurred after, White and Robinson's conduct before these crimes also gives great

9

cause for concern for the safety of the community and witnesses. Specifically, White has been previously convicted of Possession of Cocaine, Felony Possession of Marijuana, Fleeing and Eluding, and Possession of a Firearm as a Convicted Felon. He was released from the Florida Department of Corrections on May 2, 2019. The same is true for Sheldon Robinson, who has been convicted of Grand Theft, Possession of Weapons at a School, and Battery by a Detainee. Robinson was released from the Florida Department of Corrections on May 1, 2022. He was out of custody for less than a year before he committed the offenses in this case. *See* 18 U.S.C. § 3142(g)(4).

## CONCLUSION

All of the factors outlined in 18 U.S.C. §3142(g) weight strongly in favor of detention. The defendants have proven themselves to be a danger to every man, woman, and child throughout the Middle District of Florida. For the reasons discussed above, the United States respectfully requests that the Court detained them pending trial.

Respectfully submitted,

ROGER HANDBERG
United States Attorney

By: */s/ Diego F. Novaes*
Diego F. Novaes
Assistant United States Attorney
Florida Bar No. 0107376
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6125
E-mail: diego.novaes@usdoj.gov

U.S. v. LENARD WHITE, et al    Case No. 8:23-cr-389-WFJ-AEP

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

By: */s/ Diego F. Novaes*
Diego F. Novaes
Assistant United States Attorney
Florida Bar No. 0107376
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: (813) 274-6000
Facsimile: (813) 274-6125
E-mail: diego.novaes@usdoj.gov